ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 13 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> NEWELL RECYCLING OF ATLANTA, INC., <br><br> Defendant. | CIVIL ACTION NO. <br> 1 07-CV-1909 <br><br> JURY TRIAL DEMANDED |

TCB

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Ms. Melanie Grant who was adversely affected by such practices. The Commission alleges that Ms. Grant was disciplined, placed on probation, denied a promotion, and constructively discharged from her position as an accountant with the Defendant in retaliation for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Newell Recycling of Atlanta, Inc., (the "Defendant"), has continuously been a Georgia corporation doing business in the State of Georgia and the City of East Point, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melanie Grant filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2005, Defendant has engaged in unlawful employment practices at its East Point, Georgia location, in violation of Section 703(a)(2) and (b) of Title VII, 42 U.S.C. § 2000e-2(a)(2) and (b) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include disciplining, denying a promotion, and constructively discharging Melanie Grant in retaliation for engaging in protected activity.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive Melanie Grant of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.

9. The unlawful employment practices complained of in paragraph 7

above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above, were done with malice or with reckless indifference to the federally protected rights of Melanie Grant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which retaliate against individuals who engage in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Melanie Grant by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Melanie Grant by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses resulting from the retaliation, in amounts to be determined at trial.

E. Order Defendant to make whole Melanie Grant by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Melanie Grant punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young-Reams
Associate General Counsel

_____ 8/13/2007
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, Suite 4R30
Atlanta, GA 30303
(404) 562-6815 - direct
(404) 562-6932 - general
(404) 562-6905 - facsimile